IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 06-cv-02285-RPM

ARTURO ALTAMIRANO,

    Plaintiff,

v.

MICHAEL ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

---

## ORDER OF REVERSAL AND REMAND

---

Arturo Altamirano is a legal resident with limited English language proficiency, whose application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-33, was denied as a result of an adverse decision by an Administrative Law Judge ("ALJ"), dated April 22, 2006, after a hearing on November 18, 2005. The Appeals Council denied his request for review and the matter is now under judicial review pursuant to 42 U.S.C. § 405(g). Because the ALJ's decision that the claimant's impairments do not prevent him from performing past relevant work as a hair stylist was based on a failure to consider the opinion of the claimant's treating physician, an inadequate review of the medical records, unsupported assumptions about the claimant's work history, a perfunctory evidentiary hearing and unexplained rejection of sworn testimony as not fully credible, the decision is reversed and the claim is remanded for further evaluation.

Mr. Altamirano was born on May 30, 1956 in Mexico where he had a sixth grade education. He is married with children and has been a resident in the United States for more than 20 years. He does not read or write English and required a Spanish language interpreter for his hearing. A friend and neighbor, Debra Reyes, completed the forms submitted to the SSA and attempted to assist him at the ALJ's hearing. The claimant was first represented by an attorney in submitting a request for review by the Appeals Council.

The ALJ found that Mr. Altamirano has hypertension, Hepatitis C, nephrotic syndrome and anemia as severe impairments but he has the residual functional capacity to lift and carry fifty pounds occasionally and twenty pounds frequently, sit eight hours a day and stand and walk six hours out of an eight-hour day. The ALJ determined that none of these impairments met or equaled any of the listings in Appendix 1 of the Regulations.

Mr. Altamirano has been a patient at the Westside Family Health Center and the Denver Health Medical Center beginning in April, 2004. He was diagnosed for Hepatitis C by a liver biopsy on September 17, 2004. (R. 116.) Dr. Andrew Steele has been the claimant's primary care physician. Dr. Steele provided support for this disability claim by a letter, dated August 17, 2005, as follows (R. 98):

> Mr. Altamirano has hypertension, hepatitis C, severe kidney disesase (sic), and chronic nerve and muscle disease. He is unable to work at this time. Please help him in any way you can.

The ALJ did not acknowledge this letter in his decision. In her request for review by the Appeals Council, the plaintiff's counsel submitted a residual functional capacity questionnaire prepared by Dr. Steele, dated June 20, 2006, further identifying the claimant's disabling impairments and expressing opinions that he has severe limitations on the ability to stand and to

use his hands, fingers and arms. Dr. Steele opined that his patient would be absent from work as a result of his impairments more than four days per month.

The medical records before the ALJ show repeated references to chronic peripheral neuropathy and persistent complaints of numbness, dizziness and loss of strength and balance. At the ALJ hearing, Mr. Altamirano testified that he could not stand for very long; that his legs get very numb as well as his fingers and arms. He also testified to fatigue. The ALJ found that the claimant "is not fully credible" but did not specify the reasons for that finding. Notably, the transcript of the ALJ hearing is only 13 pages and it is obvious that communication with the claimant was limited by his lack of English language proficiency.

The most glaring error in the ALJ's decision is his finding that the claimant had past relevant work as a hair stylist. There is no record of earnings from such employment. When asked about it, Mr. Altamirano said that he did work a short time in that field but was not too skilled at it and did not remember when it was. Ms. Reyes clarified that in 2001 she gave him a chance to work for her but it was not sufficient to keep him working and he started getting sick. (R. 316-317.) There is no basis in the record to support a finding that this was substantial gainful employment.

Additionally, the ALJ gave no consideration to the job requirements of a hair stylist. Obviously, the limitations as to standing and use of hands and arms would preclude such work.

After the hearing, the ALJ referred Mr. Altamirano to Dr. Mark Perea for a consultative examination. Dr. Perea submitted a report of examination done on December 9, 2005. (R. 276-278.) There is no indication of Dr. Perea's medical specialty and it is not clear whether a Spanish language interpreter was present to assist in understanding the claimant's subjective

3

complaints. The examiner described the main complaints as nausea, vomiting along with abdominal pain and "perhaps some neuropathy symptoms." Dr. Perea was uncertain about the extent of the limitations because of their subjectivity. The ALJ placed great reliance on this report. As previously noted, the ALJ made no reference to Dr. Steele's opinion. The defendant suggests that it was merely overlooked. The failure to consider the opinion of the treating physician by the ALJ and the Appeals Council is, in itself, a sufficient basis for reversal and remand.

Accordingly, it is

ORDERED, that the denial decision is reversed and this claim is remanded to the Commissioner for evaluation which should include a new hearing.

DATED: January 4, 2008

BY THE COURT:

Richard P. Matsch, Senior District Judge